# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYLAND WILCOX ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1969 (APM) |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Ryland Rogers alleges that the "suspect in the case that I've reported to the Federal Bureau of Investigations continues to harassment [*sic*], batter, stalking [*sic*], and slander me. The FBI has made no attempt to investigate fully of arrest [*sic*] the person. I'm suing to compel their investigatory action and retain damages that I've incurred as a result of their inaction." Notice of Removal, ECF No. 1-1, at 2. Specifically, Plaintiff seeks $86 million in damages. *See id.* Defendant Federal Bureau of Investigation moves to dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 3 [hereinafter Def.'s Mot.]. Plaintiff failed to file a response.

Plaintiff's action is dismissed for lack of subject matter jurisdiction. The court construes Plaintiff's claim as arising under the Federal Tort Claims Act ("FTCA"). The "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). In this case, Plaintiff failed to exhaust remedies. *See* Def.' Mot. at 5. Therefore, the court lacks jurisdiction to hear this action. *See Simpkins v. District of Columbia Government*, 108 F.3d 366, 371 (D.C. Cir. 1997). Moreover, even if he had exhausted remedies, the case would be barred by the "discretionary function"

exception of the FTCA. *Cf. Loumiet v. United States*, 828 F.3d 935, 942 (D.C. Cir. 2016) (observing that this court "has long held that the decision 'whether to prosecute' is typically a 'quintessentially discretionary' function that involves judgment and requires balancing policy goals and finite agency resources, thus meriting protection under the discretionary-function exception") (citation omitted).

For the foregoing reasons, Defendant's Motion to Dismiss is granted. A separate final order accompanies this Memorandum Opinion.

Dated:  September 9, 2019

Amit P. Mehta
United States District Court Judge